IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 91-CR-0080-002-HDC |
| | ) | |
| ROBERT EARL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for writ of *nunc pro tunc* (Dkt. # 245). Defendant contends his supervision terms expire on March 11, 2010, whereas the U.S. Probation Office places the discharge date at April 15, 2012. It is clear defendant is asking the Court to review the calculation of his supervision discharge dates. What is unclear is whether defendant seeks only clarification of the revocation process and expiration dates, or a correction of sentence, contending the judgment is not in accord with the sentencing judge's order. Defendant also makes a veiled reference to an "old law" sentencing standard, implying his terms of supervised release should be administered differently. The Court will rule on the record and soundness of the sentence imposed, enlighten defendant as to the meaning and application of a tolled sentence, and calculate and rule on the discharge dates of the terms of supervised release.

BACKGROUND

In November 1991 defendant was found guilty by a jury of all counts of a three-count superseding indictment, charging conspiracy to commit bank robbery, armed bank robbery, and carrying a firearm during commission of a crime. In January 1992 defendant was sentenced to the custody of the Bureau of Prisons for a term of 180 months, 120 months as to counts one and two, said terms to run concurrently with the other, and 60 months as to count three, to run consecutive

to the terms imposed in counts one and two. The Court further ordered defendant to serve a term of supervised release of five years as to count two, and three years as to counts one and three, each to run concurrently with the other.[1] Finally, the Court imposed restitution totaling $7,000, and a total special assessment of $150. Defendant was released from the Bureau of Prisons to the terms of supervised release on April 19, 2006. On March 15, 2007, defendant was arrested and ordered detained on a supervised release violation alleging a new law violation – possession of cocaine base. Defendant confessed to the violation, and on May 23, 2007, supervised release as to count one was revoked and he was ordered imprisoned for a term of one year. The Court reimposed a 24-month term of supervised release as to count one, and ordered the remaining terms of supervised release (as to counts two and three) tolled during the term of imprisonment. Defendant was released from the revocation sentence on March 12, 2008, to resume serving the supervised release terms as to counts one through three. The 24-month term for count one will discharge on March 11, 2010, while another term is scheduled to expire on April 15, 2012. Defendant argues his full term discharge from supervised release is March 11, 2010.

## DISCUSSION

Defendant stands convicted of three separate and distinct crimes, each resulting in an imprisonment sentence followed by a term of supervised release. He appeared for revocation proceedings wherein the sentencing court elected to revoke the sentence as to count one only. (See Dkt. # 243, Judgment in a Criminal Case, p. 2; see also Dkt. # 242, minute sheet.) A district court

---

[1] The Judgment reflects that ". . . the defendant shall be on supervised release for a term of five (5) years" (Dkt. # 243, p. 3). Although the sentencing court did not delineate terms for individual counts, count two, a Class B felony, carries a maximum term of supervised release of five years, whereas counts one and three, Class D felonies, are statutorily limited to three years. 18 U.S.C. § 3583(b).

2

may revoke one term of supervised release but not the other. See United States v. Gammarano, 321 F.3d 311, 314 (2nd Cir.2003) (revocation of supervised release for one conviction does not terminate supervised release imposed as a result of a separate conviction); United States v. Alvarado, 201 F.3d 379, 381-82 (5th Cir.2000) (same); McGaughey v. United States, 596 F.2d 796, 798 (8th Cir.1979) (reaching the same conclusion with respect to concurrent terms of probation); see also 18 U.S.C. § 3583(e), providing that a district court's authority to revoke supervised release is discretionary. The Court did not revoke the terms of supervised release as to counts two and three, as is evidenced by the Court's order tolling these terms during imprisonment (Dkt. # 243, p. 3).

The record is clear that the defendant's supervised release as to count one only was revoked, and while serving an imprisonment term, the supervised release period as to counts two and three was tolled (ceased to run) for a period of time. Defendant is convicted of offenses occurring in 1990. Since the offenses took place after November 1, 1987, the Sentencing Reform Act of 1984 is applicable and the provisions of 18 U.S.C. § 3583 apply. The only "old law" reference applicable to supervised release, commonly known as "window cases," involves certain provisions of the Anti-Drug Abuse Act of 1986, involving offenses committed after October 27, 1986, and prior to November 1, 1987. These provisions are not applicable here. The imposition, revocation, and reimposition provisions of § 3583 are applicable and have been correctly applied in this case. The revocation judgment correctly reflects the sentence imposed, and is final. This Court is without authority to amend or modify the sentence. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).

The Court turns next to an explanation of tolled sentences and determination of the discharge date for the supervised release terms as to count two and three. A term of supervised release is tolled during any period in which a defendant "is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." "The term of supervised release commences on the day the person is released from imprisonment . . . " 18 U.S.C. § 3624(e); see also United States v. Crane, 979 F.2d 687, 691 (9th Cir.1992) (the plain language of 18 U.S.C. § 3624(e) excludes from the running of a term of supervised release the period a defendant spends in state custody). The plain language of § 3624(e) requires a term of supervised release to commence when the "person is released from imprisonment." United States v. Reider, 103 F.3d 99, 102-03 (10th Cir.1996). Even if the sentencing court had not specifically tolled the terms, the statutory text of § 3624(e) is unambiguous and self-executing and provides that the period of supervised release does not run during imprisonment, without exception. Defendant was imprisoned for a period exceeding 30 days on revocation as to count one only. Because the terms of supervised release as to counts two and three were not revoked, these terms became inactive until defendant's release from imprisonment. The tolling provisions have been properly applied in this case. Determination of the discharge date as to count one is without controversy. This count was revoked and the two-year reimposed term commenced on March 12, 2008, and expires on March 11, 2010. However, the discharge dates for counts two and three are calculated differently, because the original terms remain in force but were inactive for a period of time. The discharge dates for these counts are calculated as follows:

> Defendant was originally released from imprisonment on April 19, 2006, and was supervised until his arrest on March 15, 2007, a period of 330 days. He remained in official detention or imprisoned on the revocation term until March 12, 2008, when he was released to recommence the terms of supervised release. It is during this time

    period that the sentence clock stopped running.  Defendant receives street credit for time served prior to revocation, but owes the balance on the terms imposed as to counts two and three, which resume upon release from imprisonment.  The time remaining to be served on count two is the equivalent of 1495 days (1825 days minus 330 days), which provides for a discharge date of April 15, 2012.  The time remaining to be served on count three is the equivalent of 765 days (1095 days minus 330 days), which provides for a discharge date of April 16, 2010.

The term of supervised release as to count two expires on April 15, 2012.  The term as to count three expires on April 16, 2010.  Although the U.S. Probation Office apparently did not calculate or advise defendant of the earlier expiration date as to count three,[2] the full-term discharge date of April 15, 2012, is correct.

  For reasons stated herein, defendant's request for a writ of *nunc pro tunc* (Dkt. # 245) is **denied**.

  **IT IS SO ORDERED** this 5th day of March, 2010.

*(signature)*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] This date is material because failure to recognize the expiration of a sentence could subject a defendant to additional penalties if a subsequent violation results in revocation of sentence.

5